IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROSPERO GONZALEZ, | No. 4:22-CV-01663 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| STEPHEN SPAULDING, | |
| Respondent. | |

**MEMORANDUM OPINION**

DECEMBER 28, 2022

Petitioner Prospero Gonzalez, an inmate confined at the satellite Federal Prison Camp, Lewisburg, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks the Court to compel the Federal Bureau of Prisons (BOP) to apply earned time credits under the First Step Act of 2018.[1] The Court must dismiss Gonzalez's Section 2241 petition because he has failed to exhaust his administrative remedies and because his petition is moot.

**I.   BACKGROUND**

Gonzalez is currently serving a 48-month sentence imposed by the United States District Court for the Southern District of New York for conspiracy to distribute narcotics.[2] His projected release date is May 5, 2024.[3]

---

[1] Pub. L. 115-391, 132 Stat. 5194 (2018).
[2] *See* Doc. 7-1 at 1 ¶ 3.
[3] *See id.*

Gonzalez asserts that, despite being FSA-eligible and maintaining a low "PATTERN" score, the BOP is refusing to apply his earned time credits (ETCs).[4] Respondent—Warden Stephen Spaulding—has responded to Gonzalez's Section 2241 petition,[5] contending that the petition must be dismissed because Gonzalez has failed to exhaust his administrative remedies and because his claim is moot.

## II. DISCUSSION

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[6] Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[7] The BOP has a specific internal system through which federal prisoners can request review of any aspect of their imprisonment.[8] That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[9]

---

[4] *See generally* Doc. 1.
[5] *See generally* Doc. 7.
[6] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).
[7] *Moscato*, 98 F.3d at 761-62 (citations omitted)
[8] *See generally* 28 C.F.R. §§ 542.10-.19.
[9] *See id.* §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[10] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[11] Exhaustion is likewise excused when it would be futile.[12]

Gonzalez concedes that he has not exhausted his administrative remedies.[13] He argues that "this is a matter of statutory construction" and therefore does not require exhaustion. Gonzalez is incorrect. If he believes that earned time credits should be calculated and applied, he must first make such a request to the BOP so that it can apply its expertise and determine whether he is eligible for FSA credits and, if so, how many credits he has earned. Consequently, the Court must dismiss Gonzalez's Section 2241 petition for failure to exhaust.[14]

The Court additionally observes that, as Respondent has established, Gonzalez has received the FSA Time Credit Assessment he is seeking in his Section 2241 petition,[15] thus rendering his petition moot.[16] This may explain why

---

[10]  *See Moscato*, 98 F.3d at 761.
[11]  *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[12]  *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).
[13]  *See* Doc. 1 ¶ 7.
[14]  *See Moscato*, 98 F.3d at 761.
[15]  *See* Doc. 7-1 at 1 ¶ 6; *id.* at 5, 13-14.
[16]  A petition for habeas corpus relief generally becomes moot when "there is nothing for [the court] to remedy," *Spencer v. Kenma*, 523 U.S. 1, 18 (1998), and when "developments occur

Gonzalez did not file a reply or "traverse" to Respondent's response to his Section 2241 petition. That Gonzalez's petition is moot is an additional reason it must be dismissed.[17]

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Gonzalez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief," *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 2001).

[17] *See Blanciak*, 77 F.3d at 699.